## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is made by and between Pierre Junior Lima ("Lima") and Jean Patrick Saintil ("Saintil") and Westmoreland Protection Agency, Inc. ("WPA"), Pam Johnson ("Johnson") and Paul Spence ("Spence"). For purposes of this Agreement, (a) references to Lima, Saintil, Johnson and Spence shall include each of their respective heirs, representatives, agents, successors and assigns, (b) Lima and Saintil shall be collectively referred to herein as "Plaintiffs," (c) WPA, Johnson and Spence shall be collectively referred to herein as "Defendants," and (d) Plaintiffs and Defendants shall be collectively referred to herein as the "Parties," and individually, as a "Party." This Agreement shall be effective on the date that its execution is completed by all Parties ("Effective Date").

## RECITALS

WHEREAS, Plaintiffs were formerly employed by WPA;

WHEREAS, on July 7, 2020, Plaintiffs filed a Complaint against Defendants in the United States District Court for the Southern District of Florida (Case No. 20-cv-61352-RKA, the "Complaint"), alleging that they are owned unpaid overtime wages;

WHEREAS, Defendants deny all such allegations and further deny any and all claims asserted by Plaintiffs;

WHEREAS, on December 21, 2020, the Parties participated in court-ordered settlement conference;

WHEREAS, on or about January 13, 2021, the Parties participated in court-ordered mediation which ultimately resulted in the full resolution of all wage-related claims which were raised or could have been raised by Plaintiffs (whether in the Complaint or otherwise); and

WHEREAS, the Parties, solely to avoid the expense and disruption which will inevitably result from protracted litigation, have since agreed to a full resolution of any and all wage-related claims, demands or rights (whether known or unknown) which have been or might have been asserted by Plaintiffs (whether in the Complaint or otherwise).

1. **Payment to Plaintiffs:** Defendants will pay, or cause to be paid, to Plaintiffs and their counsel the total, aggregate sum of ONE THOUSAND SIX HUNDRED THIRTY-NINE DOLLARS ($1,639.00), by way of five (5) checks which shall be apportioned as follows:

   i. Check payable to Lima in the amount of $125.00, less applicable withholding taxes based upon an updated IRS Form W-4 submitted by Lima to Defendants' counsel, representing full satisfaction of all claims and damages for alleged unpaid wages which Lima has asserted, asserts or could assert against Defendants or any of the Released Parties (as defined below), for which an IRS Form W-2 will be issued to Lima;

   ii. Check payable to Lima in the amount of $125.00, with no withholdings, for which Lima shall execute IRS Form W-9 and submit the same to Defendants' counsel,

Page **1** of **5**

      representing full satisfaction of Lima's claim for liquidated damages and all other claims which Lima has asserted, asserts or could assert against Defendants or any of the Released Parties (as defined below), for which an IRS Form 1099 will be issued to Lima;

   iii.   Check payable to Saintil in the amount of $125.00, less applicable withholding taxes based upon an updated IRS Form W-4 submitted by Saintil to Defendants' counsel, representing full satisfaction of all claims and damages for alleged unpaid wages which Saintil has asserted, asserts or could assert against Defendants or any of the Released Parties (as defined below), for which an IRS Form W-2 will be issued to Saintil;

   iv.   Check payable to Saintil in the amount of $125.00, with no withholdings, for which Saintil shall execute IRS Form W-9 and submit the same to Defendants' counsel, representing full satisfaction of Saintil's claim for liquidated damages and all other claims which Saintil has asserted, asserts or could assert against Defendants or any of the Released Parties (as defined below), for which an IRS Form 1099 will be issued to Saintil; and

   v.   Check in the amount of $1,139.00, payable to Koz Law, P.A., as Plaintiffs' attorneys' fees and costs, for which an IRS Form 1099 will be issued to Koz Law, P.A.

As set forth below, Plaintiffs' actual receipt of the settlement payments is subject to the Court's approval of the settlement and dismissal of the case with prejudice. Plaintiffs agree that these payments comprise full and complete satisfaction of any and all alleged damages incurred by them with respect to the payment of wages, and that such payments are being made solely to resolve all wage-related claims between the Parties.

   a.   Pursuant to *Lynn's Food Stores, Inc. v. U.S. Dep't. of Labor*, 679 F.2d 1350 (11th Cir. 1982), the Parties shall file a Joint Motion for Approval and proposed Order dismissing this case with prejudice no later than three (3) calendar days after the Effective Date of this Agreement. The settlement payments referenced above shall be delivered to Koz Law, P.A. (320 S.E. 9th Street, Fort Lauderdale, Florida 33316) no later than twenty-one (21) calendar days after the Court approves the settlement and dismisses the case with prejudice.

   b.   The parties are responsible for their respective tax liability properly incurred as a consequence of the payments made pursuant to this agreement.

   c.   Plaintiffs acknowledge that all costs and/or attorneys' fees liens arising out of or related to the claims asserted in, or that could have been asserted, in the Complaint filed in Case No. 20-cv-61352-RKA or any other earlier filed or unfiled related actions (if any) will be paid in full by Plaintiffs out of the proceeds of this Agreement, including any attorneys' fees or costs owed (over and above those set forth herein) to Koz Law, P.A. or any other law firm that may have previously represented or currently represents Plaintiffs in connection with their claims against Defendants. Plaintiffs further acknowledge that no liens of any type have been filed, made, or asserted against them regarding the pending claims.

   2.   **Release:** In return for the various promises and the payments made by, or on behalf

Doc ID: e1c39554a6f34052503ac7a14954a8b21a9b2ecb

of, Defendants, Lima and Saintil hereby forever release, remise, discharge and acquit Johnson, Spence and WPA, including WPA's past, present and future parent companies, subsidiaries, affiliates, related entities, divisions and fictitious entities and all of their respective past, present and future respective officers, directors, owners, shareholders, partners, members, managers, representatives, insurers, agents, attorneys, employees, contractors, consultants, heirs, beneficiaries, executors, administrators, successors and assigns successors, assigns thereof (collectively, the "Released Parties") from any and all actions, claims, or demands whatsoever, in law or in equity, which Plaintiffs, or their heirs, executors, administrators, agents, legal representatives, assigns, beneficiaries and successors in interest ever had or now have, by reason of any matter, cause or thing whatsoever, now existing or arising in the future, based on any act or omission, event, occurrence or non-occurrence, from the beginning of time to the date of execution of this Agreement, growing out of, resulting from or connected in any way to the payment of wages (including minimum, overtime and living wages) during Plaintiffs' former employment with WPA and/or relationship with any of the Released Parties including, but not limited to, any and all claims under the Fair Labor Standards Act, as amended [29 U.S.C. §§ 201 - 219], the Florida Minimum Wage Act [Fla. Stat. § 448.110], Chapter 26 of the Code of Ordinances of Broward County (including, without limitation, Section 26.100 *et seq.*) and any and all other applicable federal, state or local law, ordinance or regulations which relate to the payment of wages.

        A.        Plaintiffs acknowledge and agree that this release of all claims they had or now have under the Fair Labor Standards Act, the Florida Minimum Wage Act, Chapter 26 of the Code of Ordinances of Broward County and/or any other applicable federal, state or local wage and hour laws, ordinances and/or regulations includes any and all claims against Defendants and/or the Released Parties for minimum wages, overtime pay, living wages, liquidated damages, attorneys' fees and costs. Plaintiffs further acknowledge that they are forever barred from pursuing any claim for unpaid overtime, unpaid minimum wages, unpaid living wages, unpaid wages, liquidated damages, attorneys' fees or costs against the Released Parties.  In that regard, Plaintiffs acknowledge that they (1) have been fully compensated for any and all hours that they actually worked for WPA at the proper rates of pay, and (2) have received all other available damages and their attorneys' fees and costs.

        B.        For the purpose of implementing a full and complete release, Plaintiffs expressly acknowledge that the foregoing release is intended to include in its effect, without limitation, any and all wage-related claims that they did not know or suspect to exist in their favor at the time of the Effective Date of this Agreement, regardless of whether the knowledge of such claims or the facts upon which they might be based, would materially have affected the settlement of this matter, and that the consideration given under this Agreement is also for the release of these claims and contemplates the extinguishment of any unknown claims.

    3.        **Non-Admission Clause:** Plaintiffs agree and acknowledge that this Agreement is not, and shall not be construed to be, an admission by Defendants and/or any of the Released Parties of any liability or any act of wrongdoing whatsoever including, without limitation, any violation of (1) any federal, state, or local law, statute, regulation or ordinance, or (2) any duty owed by Defendants and/or any of the Released Parties to anyone.

    4.        **No Re-Employment**: Plaintiffs agree and recognize that their former employment with WPA has been permanently and irrevocably terminated, and they expressly waive any right or claim to re-employment with WPA. Plaintiffs further agree that they will not hereafter apply

for, or otherwise seek, employment with WPA or any of the Released Parties.

5. **Assignment:** Plaintiffs represent and warrant that they have not heretofore assigned or transferred, or purported to assign or transfer, to any person or entity, any claim against Defendants or any of the Released Parties. Plaintiffs further represent and warrant that no other person or entity other than the Parties hereto, had or have any interest in the matters referred to in this Agreement. Plaintiffs shall not assign any of their rights or duties under this Agreement without the express written consent of Defendants and the Released Parties.

6. **Binding Nature of Agreement:** This Agreement shall be binding upon each of the Parties and upon their respective heirs, administrators, representatives, executors, successors and assigns, and shall inure to the benefit of each Party and to their respective heirs, administrators, representatives, executors, successors and assigns.

7. **Entire Agreement:** This Agreement constitutes the complete understanding of the Parties hereto and supersedes any and all prior agreements, promises, representations or inducements, whether oral or written, concerning its subject matter. No promises or agreements made subsequent to the execution of this Agreement by the Parties shall be binding unless reduced to writing and signed by the Parties.

8. **Prevailing Party:** In the event that it shall be necessary for any Party to this Agreement to institute legal action to enforce any of the terms and conditions or provisions contained herein, or for any breach thereof, the prevailing Party shall be entitled to costs and reasonable attorneys' fees as determined by a court of competent jurisdiction.

9. **Governing Law and Venue:** The terms of this Agreement will be construed in accordance with the laws of the State of Florida. In the event any Party initiates an action to enforce the terms of this Agreement, such action shall be commenced in the United States District Court for the Southern District of Florida, or any other court of competent jurisdiction in Broward County, Florida.

10. **Severability:** If any provision of this Agreement or the application thereof is held invalid, such invalidation shall not affect other provisions or applications of this Agreement and to this end the provisions of this Agreement are declared severable.

11. **Parties Represented by Counsel/Acknowledgment of Legal Competence:** This Agreement is not to be construed against any Party. All Parties were represented by counsel and participated in the drafting and negotiation of this Agreement. Plaintiffs hereby attests that they are legally competent to enter into this Agreement and fully understand and appreciate the terms, obligations and ramifications of same.

12. **Execution:** This Agreement can be executed in counterparts. An executed version of this Agreement, if transmitted electronically or by facsimile, shall be effective and binding as if it were the originally executed document.

Page **4** of **5**

Doc ID: e1c39554a6f34052503ac7a14954a8b21a9b2ecb

|  |  |
|---|---|
|  | **WESTMORELAND PROTECTION AGENCY, INC.** |
| *(signature)* | By: Paul Spence |
| **PIERRE JUNIOR LIMA** | Its: *(signature)* |
| 04 / 08 / 2021 | Date: 4-9-2021 |
| Date |  |
|  |  |
| *(signature)* | *(signature)* |
| **JEAN PATRICK SAINTIL** | **PAM JOHNSON** |
| 04 / 08 / 2021 | 4-9-2021 |
| Date | Date |
|  |  |
|  | *(signature)* |
|  | **PAUL SPENCE** |
|  | 4-9-2021 |
|  | Date |

Doc ID: e1c39554a6f34052503ac7a14954a8b21a9b2e

Scanned with CamScanner